**Thomas Antonio PRECIADO,**
**Petitioner–Appellant,**

v.

**David L. RUNNELS;  et al.,**
**Respondents–Appellees.**

No.  08–16738.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2009.

Filed Aug. 20, 2009.

Michael Bradley Bigelow, Esquire, Sacramento, CA, for Petitioner–Appellant.

Mark Anthony Johnson, Deputy Attorney General, Barton Bowers, Deputy Assistant Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: KOZINSKI, Chief Judge, REINHARDT and SILVERMAN, Circuit Judges.

MEMORANDUM *

Thomas Preciado appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for murder, second degree robbery, and second degree burglary. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review the district court's denial of the petition de novo. *See DeWeaver v. Runnels,* 556 F.3d 995, 997 (9th Cir. 2009). We affirm.

█ The California Court of Appeal did not unreasonably apply federal law when it affirmed the trial court's denial of discovery of malpractice-related hospital records. There is no clearly established federal right to compel pretrial discovery in a situation like Preciado's, particularly since the discovery he requested would not have provided him with a defense under California law and the trial judge left open the possibility of in camera review of the records. *See Pennsylvania v. Ritchie,* 480 U.S. 39, 53, 64–65, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987); *see also Wood v. Alaska,* 957 F.2d 1544, 1549 (9th Cir.1992) ("A defendant has no right ... to present irrelevant evidence.").

█ It was likewise reasonable for the California Court of Appeal to hold that limiting Preciado's cross-examination of Ms. Dhillon's treating physician didn't violate the Confrontation Clause. Any possible malpractice wouldn't have risen to the level necessary to provide Preciado with a defense under California law, and there is no clearly established right to irrelevant cross-examination.

█ The Court of Appeal did not unreasonably affirm the trial court's denial of

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Preciado's motion to suppress his video-taped statements to the police. The state court was not unreasonable in ruling the statement to have been voluntary under the totality of circumstances. *See Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). The Court of Appeal also did not unreasonably affirm the denial of the motion to suppress as to Preciado's statements to his mother, because those statements were never introduced at trial.

■ Because Preciado failed to raise a colorable claim for relief, the district court did not abuse its discretion in denying him an evidentiary hearing. *See Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir.2001).

■ We decline to consider Preciado's jury instruction claims because they were not included in the district court's certificate of appealability and he has not made a substantial showing of the denial of a constitutional right; as Preciado concedes in his brief, there is no clearly established requirement that courts give a lesser-included offense instruction in non-capital cases.

AFFIRMED.

REINHARDT, Circuit Judge, concurring:

I concur. I note, however, that the only portion of Preciado's statement that was admitted was that which preceded his invocation of his right to counsel.